Johnston, Ch.,
delivered the opinion of ¡the Court.
This Court is satisfied with so much of the decree as relates to the real estate; and it is ordered that the same be affirmed.
*396 It is quite satisfactory to my mind, to find that the case of Whitworth vs. Stuckey, as I interpreted it in the decree, is corroborated by the amplest authority.
“ It remains,” says Mr. Jarman, (2 Jarm. 359, 360 ; chap. 39, division 2, §5,) “ to be observed, that where a devise to a person and his issue, — or to him and the heirs of his body, — (n) is followed by a limitation over, in case of his dying without leaving issue living at his death, the only effect of these special words is to make the remainder contingent on the described event.— They are not considered explanatory of the species of issue included in the prior devise ; (o) and, therefore, do not prevent the prior devisee taking an estate tail under it. (p) The result simply is, that if the tenant in tail has no issue at his death, the devise over takes effect; if otherwise, the devise over is defeated, notwithstanding a subsequent failure of issue. In Doe d. Gilman vs. Elvey,(q) the circumstance of there being a limitation over on failure of issue at the death of the prior devisee, does not appear to have given rise to an argument against an estate tail. The only doubt, it is conceived, could possibly be, whether it would have the effect of rendering the remainder expectant on the estate tail, contingent on the event of the devi-see in tail leaving no issue at his death.(r) The affirmative, however, seems to be the better opinion, as the courts would hardly feel themselves authorized, without a context, to reject the clause ‘ living at his decease.’ But words of an equivocal import would certainly not have the effect of subjecting the remainder to such a contingency.”(s)
Upon the subject of the loan, we think it advisable that an issue be made up, as indicated in the decree: the parties asserting the loan to be the actors : and it is ordered that they have leave to make up said issue, to be heard at the next term of the Court of Common Pleas for Barnwell district.
*397 As to the competency of Mrs. Susan Cynthia Hay (widow of Col. Hay) to testify on that issue ; we are of opinion, that the circumstance of her being the widow of the donor or lender is not sufficient to render her incompetent: and that the decree on that subject should be reversed : and it is so ordered.
Our own cases, referred to in the decree, are cases where the husband or wife of the witness were still living. My own opinion is that the reason of incompetency extends also to cases where the marriage relation has been terminated by death. But the question is one of law, and the testimony in this case is to be applied to a legal right; and the statute, in such cases, requires us to yield to the judgments of our law courts. The case of Caldwell vs. Stuart, (2 Bail. 574,) which, if quoted, was overlooked at the hearing, is conclusive upon us.
It is unnecessary to say anything further here upon the question of the loan or gift. It is reserved until the return of the issue, hereinbefore directed.
It is ordered that the questions in relation to the effect of Brown’s will upon the personalty which passed under it be re-argued at the next term, in connexion with the verdict upon the issue, if then returned, or separately if the issue shall not have been tried before that time. At present we are not prepared to decide it; and, therefore, reserve our judgment.
It will, also, be understood that we reserve our judgment upon the question whether those parties who have signified their willingness to abide by Col. Hay’s will will not be allowed (if they desire it,) to retract, in the event that the issue of Mrs. Hay be ■declared entitled to take the personalty, in remainder, as purchasers, or if the gift contended for in the pleadings be established. This matter is here stated that the attention of parties and their counsel may be drawn to the subject.
It is ordered that all questions not herein decided be reserved until further hearing and further order.
Dargan and Wardlaw, CC. concurred.
Dunkin, Ch. concurred in the result.

Decree modified.

 Wright vs. Pearson, 1 Ed. 119; S. C. 2 Jarm. 272; S. C. Amb. 358; S. C. Fearn. C. R. 126.

 Hutchinson vs. Stephens, 1 Keen, 240.

 2 Jarm, 330.

 4 East, 313; S. C. 2 Jarm. 333.

 See Lyon vs. Mitchell, 1 Mad. R. 467, as to personalty; and note 2 Jarm. 360.

 See Broadhurst vs. Morris, 2 Barn. & Adolp. 1; S. C. 2 Jarm. 309.